REQUESTED BY: Senator Bernice Labedz Member of the Legislature Room 2010, State Capitol Lincoln, NE 68509
Dear Senator Labedz:
By letter dated February 22, 1982, you requested an opinion from this office in connection with LB 138 and LB 531, each of which would amend the Nebraska Constitution with respect to salaries to be paid state legislators. Essentially, you ask whether the placing of the constitutional amendment encompassed by LB 531 before the voters in the 1982 general election can be conditioned on voter disapproval in the 1982 primary election of the amendment which is the subject of LB 138. Apparently, the condition would be contained in LB 531. We believe that the bill can be so conditioned for the following reasons.
The paramount authority with respect to the manner in which the Legislature may propose amendments to the State Constitution is the Constitution itself, principally Article XVI, Section 1. We note that said provision does not specify any particular method or manner of proposing and submitting constitutional amendments, but is specific only in requiring that three-fifths of the elected legislators approve a proposed amendment, that it be entered on the journal along with the vote, and that it be published in a certain manner prior to the popular vote. On the basis of this provision alone, our Supreme Court has held:
 It is not the duty of the court to suggest methods of submitting constitutional amendments to the vote of the people. The duty of devising and applying such methods is devolved upon the legislature, and unless the method adopted by the legislature is manifestly a violation of the constitution, and unless it clearly appears that the method adopted by the legislature will not make it practicable for the voters to express their judgment as to each amendment proposed, the courts are not at liberty to disregard the will of the legislature.
State v. Winnett, 78 Neb. 379, 394, 110 N.W. 1113 (1907).See, also, Weston v. Ryan, 70 Neb. 211, 97 N.W. 347
(1903).
Viewed in the above light, we believe that the bills in question need not manifest the normal requisites of validity which are required in the case of other legislative enactments. In fact, previous opinions from this office, the most recent of which is attached hereto, have pointed out that while it has been the practice of the Legislature of late to submit constitutional amendments by bill, such is not required. Resolutions were employed in past years.
If it is the will of the Legislature that the amendments contained in LB 531 not be proposed if those contained in LB 138 are first considered and approved by the voters, we find no prohibition in the Constitution against the inclusion of a condition to that effect in LB 531. We are not unmindful of the existence of Neb.Rev.Stat. §§ 49-201,et seq. (Reissue 1978), but inasmuch as those statutes seem to us to simply restate Article XVI, Section 1, at least with respect to this issue, they compel no different conclusion.
We hasten to point out that not all of the steps leading to proposal, voter approval, and implementation of constitutional amendments are discretionary matters. Not only does Article XVI, Section 1, provide a few specific requirements, but others are contained in Article III, Section 4, and our Supreme Court has held that these two provisions must be read together. Swanson v. State, 132 Neb. 82,271 N.W. 264 (1937). Additionally, Article IV, Section 8 of the Constitution precludes the Legislature from considering a constitutional amendment during a special session unless that very matter was specified as an item of business in the gubernatorial proclamation calling for the session.State ex rel. Douglas v. State Board of Equalization andAssessment, 205 Neb. 130, 140-145, 286 N.W.2d 729 (1979). However, the dictates of these provisions do not bear on the method by which the Legislature proposes any particular constitutional amendment and have no application in resolving your inquiry.
Sincerely yours,
PAUL L. DOUGLAS Attorney General
Shanler D. Cronk Assistant Attorney General